Filed 9/4/24  P. v. Hamilton CA2/6
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B319268 |
| | (Super. Ct. No. BA381749) |
| Plaintiff and Respondent, | (Los Angeles County) |
| v. | OPINION ON TRANSFER |
| | FROM THE SUPREME |
| RICKY HAMILTON, | COURT |
| Defendant and Appellant. | |

Ricky Hamilton was sentenced to 15 years to life for attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a)) and 25 years to life for use of a firearm in the commission of the offense. The trial court stayed imposition of sentence on a gang enhancement (§ 186.22, subd. (b)(1)) pursuant to section 654.

In our original decision in this matter, we concluded the Governor's commutation of Hamilton's sentence to 15 years to life made a remand to the trial court to exercise its discretion under

_____

[1] All references are to the Penal Code unless otherwise indicated.

section 12022.53, subdivision (h) moot. We also concluded that amendments to section 186.22 do not require a remand because, under the evidence produced at trial, any reasonable juror would find the gang enhancement true under the amended version of section 186.22.

Our Supreme Court transferred the matter back to the Court of Appeal with directions to vacate our decision with respect to section 186.22 amendments and to reconsider it in light of *People v. Clark* (2024) 15 Cal.5th 743 (*Clark*), and *People v. Cooper* (2023) 14 Cal.5th 735 (*Cooper*). We reverse the gang enhancement. In all other respects, we affirm.

FACTS

Because this matter has previously come before this court, a brief statement of facts will be sufficient.

The Black P Stones gang is a "Bloods" gang. The Rollin 30's gang (also known as the Harlem 30's) is a "Crips" gang. The gangs are rivals.

Hamilton is a member of the Black P Stones gang. Wassan Flores (the victim) is an associate of the Rollin 30's gang. In 2011, Hamilton was dating Rondalyn Johnson. Flores was a friend of Johnson.

Flores lived in an apartment in Black P Stones gang territory with his mother and sister. In February 2011, Hamilton and another man came to the apartment door, and Hamilton asked Flores if he was "from Harlem." When a security guard appeared, Hamilton and the other man left. Flores felt disrespected.

A couple of days later, Flores saw Hamilton on the street and challenged him to a fight. Hamilton ran away. Flores relayed this information to Johnson.

One night about two weeks later, Johnson and Flores spent the evening together at Flores's apartment. Flores's mother was at work and his sister was asleep. Johnson unlocked the sliding door when Flores was not looking.

When Johnson left, Hamilton and two masked men entered through the sliding door. Hamilton had a handgun. Flores saw his face and identified him at trial.

The men kicked and beat Flores. Flores curled up in a fetal position. Hamilton hit Flores in the head with the gun, fracturing his skull. Flores ran toward his bedroom. Hamilton fired five shots at him, hitting Flores's hip. Hamilton took Flores's laptop and cellphone.

## DISCUSSION

### I. *Section 12022.53*

Hamilton contends the trial court erred in failing to exercise its discretion on whether to strike the firearm enhancement under section 12022.53.

At the time Hamilton was originally sentenced, a 25-years-to-life sentence for use of a firearm was mandatory, pursuant to section 12022.53, subdivision (d). While the judgment in Hamilton's case was not yet final, the Legislature amended section 12022.53 to give the trial court discretion to strike or dismiss the enhancement in the interest of justice pursuant to section 1385. (§ 12022.53, subd. (h); Assem. Bill No. 1171, Stats. 2021, ch. 626, § 65, eff. Jan. 1, 2022.) We remanded the matter to the trial court to exercise its discretion.

On the date set for resentencing, Hamilton presented the trial court with a commutation of sentence signed by the Governor, reducing Hamilton's sentence from 40 years to life to

3

15 years to life. The trial court continued the sentencing to confirm the authenticity of the commutation of sentence.

At the rescheduled hearing the trial court confirmed the commutation of sentence and found our direction to exercise its discretion under section 12022.53, subdivision (h) was moot. The court ordered the case off calendar without exercising discretion. Hamilton did not object. Instead, he asked the court to reduce his sentence to a 15-year determinate term. The court refused on the ground that it would be an unauthorized sentence.

Had the trial court exercised its discretion to strike or dismiss the section 12022.53 enhancement, Hamilton would have been left with a sentence of 15 years to life for attempted murder. The Governor's commutation left Hamilton with a sentence of 15 years to life. Hamilton has not explained how he is harmed. Ordinarily we do not render opinions on moot questions or abstract propositions. (*People v. Gregerson* (2011) 202 Cal.App.4th 306, 321.) A case is moot when the court's opinion can have no practical effect. (*Ibid*.)

Moreover, the Governor had already granted Hamilton clemency. Hamilton refers to nothing that would justify a further grant of clemency by striking the firearm enhancement. In fact, in rejecting Hamilton's plea for a 15-year determinate term, the trial court stated, "I note that 12022.53 is still law. The court believes that firearms present a huge danger to the community."

When the trial court stated that the Governor's commutation of sentence rendered the remand to exercise its discretion moot, the court was essentially saying it saw no basis for granting further relief. The parties apparently understood that. Hamilton points to no objection having been raised at the sentencing hearing that the court refused to exercise its

4

discretion on the section 12022.53 enhancement. In fact, Hamilton's only request at the sentencing hearing was that the court change his sentence to a 15-year determinate term. The court refused, pointing out that such a sentence is unauthorized.

Our remand to the trial court with instructions to exercise its discretion under section 12022.53, subdivision (h) became moot when the Governor issued a commutation of sentence. Even if the matter were not moot, Hamilton waived the issue by failing to object.

## II. *Amendments to Section 186.22*

Hamilton contends the amendments to section 186.22 (Stats. 2021, ch. 699, § 4, 5) enacted in Assembly Bill 333, effective January 1, 2022, require remand to the trial court.

Section 186.22, subdivision (b)(1) provides a sentence enhancement for "a person who is convicted of a felony committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the person has been convicted . . . ." In this case the trial court struck the gang enhancement as to counts 1 and 3 and stayed the gang enhancement as to count 2.

Both the previous and amended versions of section 186.22 require that the crime be "committed for the benefit of, at the direction of, or in association with a criminal street gang." (§ 186.22, subd. (b)(1).) The section was amended to provide that the common benefit must be more than reputational. (*Id.* at subds. (e)(1) & (g).)

Previously, in order to prove the existence of a "criminal street gang," the prosecution was required to show that members of the gang "individually or collectively" engage or engaged in a "pattern of criminal gang activity."  (Former § 186.22, subd. (f).)  The amendment removed "individually or."  (§ 186.22, subd. (f).)  The prosecution now can only rely on collective engagement in criminal activity.

The term "pattern of criminal gang activity" means the commission or attempted commission of two or more designated offenses.  The prior version of section 186.22 required that the offenses be committed "on separate occasions, or by two or more persons."  (Former § 186.22, subd. (e).)  There was no requirement that the offenses be committed by members of the gang, or that the offenses commonly benefited the gang.  The amended version requires that "the offenses were committed on separate occasions or by two or more members" and that "the offenses commonly benefited a criminal street gang, and the common benefit from the offenses is more than reputational."  (§ 186.22, subd. (e)(1).)

*(a) People v. Clark*

In *Clark, supra*, 15 Cal.5th 743, our Supreme Court considered the relationship between the amended section 186.22, subdivision (b) requiring a showing that the gang members "collectively engaged in, a pattern of criminal gang activity," and subdivision (e)(1) defining "pattern" as requiring proof of two predicate offenses committed for a common benefit "on separate occasions or by two or more members."

Our Supreme Court decided that the use of the disjunctive in section 186.22, subdivision (e)(1) means that a predicate offense can be committed by a lone actor.  (*Clark, supra*, 15

6

Cal.5th at p. 756.)  That raises the question of the meaning of "collectively engage" in subdivision (f).  In answering, our Supreme Court stated: "The core inquiry is whether there exists an organizational nexus between the crime and the gang . . . . [T]his is conceptually distinct from the requirement to prove that each predicate offense "commonly benefitted" the gang (§ 186.22 (e)(1)), even though the facts necessary to prove the two requirements will often overlap with one another.  Though the crimes . . . may have been committed by individual gang members, and provided a benefit to the gang, the undertakings reflect the collective engagement of the gang inasmuch as there exists an organizational nexus between the crimes and the particular characteristics of the ' "criminal street gang" ' established under section 186 (f)."  (*Id*. at p. 763.)

The People concede that because the judgment is not final, Hamilton is entitled to the benefits of section 186.22 as amended. (*In re Estrada* (1965) 63 Cal.2d 740.)  The case was tried prior to the amendments to section 186.22.  The jury was not instructed on the required nexus between the predicate crimes and the particular characteristics of the criminal street gang.

The People argue that the omission of the new elements from the jury instructions was harmless beyond a reasonable doubt as to the second offense, but concede it was not harmless as to the first offense.  Thus, the People concede there is only one valid predicate offense.  We must reverse the gang enhancement.

*(b) People v. Cooper*

In *Cooper, supra*, 14 Cal.5th 735, the new elements required by the amendments to section 186.22 did not exist at the time the case was tried.  Thus the new elements were not included in the jury instructions.  There, as here, the defendant

7

was entitled to the benefits of the amendments. Our Supreme Court determined that *Chapman v. California* (1967) 386 U.S. 18 provides the correct standard for assessing whether the omission of the elements was harmless. (*Cooper*, at p. 742.) Under that standard, the People must show the error was harmless beyond a reasonable doubt. (*Ibid.*)

At trial, the People presented evidence of two predicate offenses as follows:

The first offense was committed by Julian Blackshire, an admitted Black P Stones gang member. He was convicted of a murder that occurred on August 28, 2008. Blackshire robbed a security guard, took the guard's gun, and shot him with it. A gang expert testified that weapons possession is one of the primary activities of the Black P Stones gang. Taking the gun was a common benefit to the gang. The connection between guns and gangs is too close and too obvious to admit any other reasonable conclusion.

The second offense is an attempted murder by two Black P Stones gang members, Marquise Turley and Keishon Terrell. Turley and Terrell drove into a rival gang member's territory and shot at a rival gang member several times. Targeting a rival gang member is of common benefit that is more than reputational. (§ 186.22, subd. (g).)

### III. *Amendment to Section 1109*

Hamilton contends remand is necessary under an amendment to section 1109 (Stats. 2021, ch. 699, § 5), allowing a bifurcation trial on the gang enhancement.

But even assuming the procedural change to section 1109 applies retroactively, Hamilton fails to show prejudice. The standard in *People v. Watson* (1956) 46 Cal.2d 818, 836, applies to

8

the failure to bifurcate the gang enhancement. (*People v. Tran* (2022) 13 Cal.5th 1169, 1209-1210.)

The evidence that Hamilton committed the substantive offenses is overwhelming.  Even if the gang enhancement had been bifurcated, gang evidence would have been admitted to show identity and motive.  The jury was instructed it could not consider gang evidence to show Hamilton is a person of bad character or had the disposition to commit the crimes. (CALCRIM No. 1403.)  We presume the jury followed the instruction.  (*People v. Franklin* (2016) 248 Cal.App.4th 938, 953.) Hamilton has failed to show it is reasonably probable he would have obtained a more favorable result had the gang enhancement been bifurcated.  (*People v. Watson*, *supra*, 46 Cal.2d at p. 836.)

DISPOSITION

The gang enhancement (§ 186.22, subd. (b)(1)), is reversed. In all other respects, we affirm.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

9

Renee F. Korn, Judge

Superior Court County of Los Angeles

_____

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Roberta L. Davis, Idan Ivri and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.